DANA A. SUNTAG (State Bar No. 125127)
JOSHUA J. STEVENS (State Bar No. 238105)
ALEXANDER R. THOMAS (State Bar No. 350132)
HERUM\CRABTREE\SUNTAG, LLP
5757 Pacific Avenue, Suite 222
Stockton, California 95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com
athomas@herumcrabtree.com

Attorneys for Defendants
ROBERT DAVIS and
COUNTY OF SAN JOAQUIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMEEN FAZEL,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN JOAQUIN, et al.<br><br>Defendants. | Case No.: 2:25-cv-03555-JAM-AC<br><br>**DEFENDANTS ROBERT DAVIS AND COUNTY OF SAN JOAQUIN'S ANSWER TO COMPLAINT** |

HERUM\CRABTREE\SUNTAG ATTORNEYS

Defendants Robert Davis ("Deputy Davis") and the County of San Joaquin (the "County"; collectively, "Defendants"), for themselves, only, in answer to Plaintiff's Complaint, admit, deny, and allege as follows:

1. Defendants admit the allegations in paragraphs 2, 3, and 5.

2. Defendants deny the allegations in paragraphs 14, 20, 24, 27, 29, 31, 32, 36, 37, 38, 39, 40, 41, 42, 43, 46, 48, 49, 50, 51, and 53.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4, 8, 9, 10, 11, 13, 15, 16, 25, 30, and 52.

4. As to paragraph 1, Defendants admit Plaintiff's Complaint seeks compensatory and punitive damages; Defendants deny each remaining allegation.

5. As to paragraph 6, Defendants admit that on April 28, 2024, the County employed Deputy Davis; Defendants deny each remaining allegation.

6. As to paragraph 7, Defendants admit that on April 28, 2024, and at the time Plaintiff filed this lawsuit, Deputy Davis was an individual employed as a County Sheriff's Office deputy and he acted under color of law and within the scope of his employment by the County in connection with his interactions with Plaintiff; Defendants deny each remaining allegation.

7. As to paragraph 12, Defendants admit that on April 28, 2024, in connection with his interactions with Plaintiff, Deputy Davis acted under color of law and within the scope of his employment by the County; Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted against DOES 1-10; Defendants deny each remaining allegation.

8. As to paragraph 17, Defendants admit that on April 28, 2024, in connection with his interactions with Plaintiff, Deputy Davis acted under color of law; Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted against DOES 1-10; Defendants deny each remaining allegation.

9. As to paragraph 18, Defendants incorporate by reference their responses to each prior paragraph.

10. As to paragraph 19, Defendants admit that in the morning of April 28, 2024, Plaintiff was driving on Interstate 5 in Stockton, California, Deputy Davis started driving behind Plaintiff and turned on his emergency lights, Plaintiff did not speed away from Deputy Davis, after Plaintiff exited the interstate, Deputy Davis twice rammed his vehicle into Plaintiff's without providing a spoken warning; Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was driving to work or that he believed there was not sufficient room to safely pull over on the shoulder; Defendants deny each remaining allegation.

11. As to paragraph 21, Defendants admit Deputy Davis instructed Plaintiff to get out of his vehicle and get on the ground, Plaintiff did so, and Deputy Davis pointed his gun at Plaintiff; Defendants deny information sufficient to form a belief as to the truth of the allegation Plaintiff feared for his life and was shocked and terrified; Defendants deny each remaining allegation.

12. As to paragraph 22, Defendants admit Deputy Davis handcuffed Plaintiff and that deputies searched Plaintiff and his vehicle and found no weapon, drugs, or contraband; Defendants deny each remaining allegation.

13. As to paragraph 23, Defendants admit that on April 28, 2024, Plaintiff had short hair; Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations Plaintiff was 18 years old, Muslim, or groomed according to religious customs; Defendants deny each remaining allegation.

## FIRST CAUSE OF ACTION
### Violation of the Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

14. As to paragraph 26, Defendants incorporate by reference their responses to each prior paragraph.

15. As to paragraph 28, Defendants admit Plaintiff did not resist arrest and Deputy Davis did not give Plaintiff a spoken warning before ramming Plaintiff's vehicle; Defendants deny each remaining allegation.

**SECOND CAUSE OF ACTION**
**Municipal Liability – Policy, Practice, or Custom (42 U.S.C. § 1983)**

16. As to paragraph 33, Defendants incorporate by reference their responses to each prior paragraph.

17. As to paragraph 35, Defendants admit the County did not discipline, reprimand, retrain, suspend, or otherwise penalize Deputy Davis because of his interactions with Plaintiff on April 28, 2024; Defendants deny each remaining allegation.

18. As to paragraph 44, Defendants admit the County settled allegations of excessive force made by Marco Ortiz for $5 million; Defendants deny each remaining allegation.

19. As to paragraph 45, Defendants admit the County settled allegations of excessive force made by Danny Sigman for $850,000; Defendants deny each remaining allegation.

20. As to paragraph 47, Defendants admit on July 1, 2023, Deputy Peter Kennedy arrived at a motorhome or RV; Defendants deny each remaining allegation.

**THIRD CAUSE OF ACTION**
**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

21. By stipulation filed on February 13, 2026 (ECF No. 7), and stipulation and proposed order lodged on February 17, 2026 (ECF No. 8), which the Court so ordered on February 23, 2026 (ECF No. 9), this cause of action is dismissed; therefore, it does not require a response.

**FOURTH CAUSE OF ACTION**
**Municipal Liability – Ratification (42 U.S.C. § 1983)**

22. By stipulation filed on February 13, 2026 (ECF No. 7), and stipulation and proposed order lodged on February 17, 2026 (ECF No. 8), which the Court so ordered on February 23, 2026 (ECF No. 9), this cause of action is dismissed; therefore, it does not require a response.

**FIFTH CAUSE OF ACTION**
**Supervisory Liability for Acts of Subordinates (42 U.S.C. § 1983)**

23. This cause of action is not alleged against Defendants and, therefore, does not require a response.

FIRST AFFIRMATIVE DEFENSE

Each "cause of action" (referred to herein as "claim for relief" or "claim") fails to state a claim on which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by absolute immunity.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to impose liability based on *respondeat superior*.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by qualified immunity.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent in connection with the matters he alleges, and such carelessness and negligence proximately caused and contributed to the alleged loss and/or damage. Therefore, any damages awarded should be reduced in proportion to fault.

SIXTH AFFIRMATIVE DEFENSE

The acts or omissions of others, negligent or otherwise, proximately caused or contributed to the loss or damage, if any, Plaintiff sustained or may sustain. Therefore, any liability should be reduced in proportion to the fault of others, including without limitation any non-economic losses or injuries others caused.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate alleged damages.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed timely or properly to exhaust administrative remedies and/or failed to satisfy a condition precedent to a court action.

NINTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of loss or damage of the nature Plaintiff claims to have sustained.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on waiver.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on estoppel.

TWELFTH AFFIRMATIVE DEFENSE

Defendants' actions were based on a good faith exercise of responsibility conferred on them.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on managerial immunity.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on privilege.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and with reasonable and probable good cause and with the honest and reasonable belief such actions were reasonable and necessary.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendants acted with due care in the execution or enforcement of laws.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of consent.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith with probable cause and with the honest and reasonable belief that their actions were reasonable and necessary and did not know that any such actions would violate Plaintiff's constitutional rights.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on unclean hands.

TWENTIETH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted reasonably.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants neither knew nor had reason to know their alleged acts or omissions would violate any clearly established rights or laws.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he had or has adequate state remedies.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff was given, or had available to him, proper due process for each of the alleged deprivations of his constitutional rights.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by qualified immunity based on the judicial or quasi-judicial functions of Defendants, including without limitation the fact that all or a portion of relevant conduct was judicially directed, approved, ratified, or affirmed.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the San Joaquin Superior Court's order denying his petition for relief from the requirements timely and properly to present a Government Claim (Gov. Code §§ 901, *et seq.*).

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint and that his Complaint be dismissed with prejudice;

2. For attorneys' fees incurred, as allowed by law;

3. For costs incurred; and

4. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: February 24, 2026

HERUM\CRABTREE\SUNTAG, LLP

By: ______________________

DANA A. SUNTAG
ALEXANDER R. THOMAS
Attorneys for Defendants
ROBERT DAVIS and
COUNTY OF SAN JOAQUIN